Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000415
25-OCT-2017
07:59 AM

NO. CAAP-17-0000415

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GERALD RAMIREZ, Plaintiff-Appellee, v.
D.A.J.F. PROPERTIES, LLC, a Hawai'i limited
liability company, and SUZANNE KITAMURA,
aka SUZANNE MCGRATH, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(DC-CIVIL NO. 13-1-0275)


ORDER GRANTING SEPTEMBER 13, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Plaintiff-Appellee Gerald Ramirez's
(Appellee Ramirez) September 13, 2017 motion to dismiss appellate
court case number CAAP-17-0000415 for lack of appellate
jurisdiction, (2) the lack of any memorandum by Defendant-
Appellant Suzanne Kitamura aka Suzanne McGrath (Appellant
McGrath) in response to Appellee Ramirez's September 13, 2017
motion, and (3) the record, it appears that we lack appellate
jurisdiction over Appellant McGrath's appeal from the Honorable
Richard B. Berman's May 4, 2015 judgment and the Honorable
Adrianne N. Heely's April 27, 2017 post-judgment order granting
Appellee Ramirez's post-judgment motion to compel discovery
(April 27, 2017 post-judgment order).

The district court's May 4, 2015 judgment was immediately appealable pursuant to HRS § 641-1(a) (2016) and the holding in Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999). However, Appellant McGrath did not file her May 15, 2017 notice of appeal within thirty days after entry of the May 4, 2015 judgment, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure required, and, thus, her appeal is untimely as to the May 4, 2015 judgment.

With respect to the April 27, 2017 post-judgment order, the record indicates that Appellee Ramirez had initiated post-judgment proceedings for the purpose of enforcing the May 4, 2015 judgment against the assets of Appellant McGrath and Defendant-Appellee D.A.J.F. Properties, LLC (Appellee D.A.J.F. Properties). The April 27, 2017 post-judgment order did not end these proceedings. A "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Ditto, 103 Hawai'i at 157, 80 P.3d at 978. Thus, for example, in an appeal from a post-judgment garnishment proceeding, the Supreme Court of Hawai'i held that an order denying a post-judgment motion to quash a garnishee summons was not an appealable post-judgment order because such an order did not finally determine and end that particular post-judgment proceeding. Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 938 (1986).

In the instant case, the appealed order, i.e. the April 27, 2017 post-judgment order, which granted Appellee Ramirez's post-judgment motion to compel discovery, did not finally determine and end the post-judgment proceedings that Appellee Ramirez has initiated for the purpose of enforcing and executing the May 4, 2015 judgment against the assets of

Appellant McGrath and Appellee D.A.J.F. Properties. See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 320, 966 P.2d 631, 632 (1998). Appellant McGrath can obtain appellate review of the April 27, 2017 post-judgment order by way of a timely appeal from a post-judgment order that finally determines and thus ends the post-judgment proceedings to enforce and execute the May 4, 2015 judgment. Under the circumstances of the instant case, Appellant McGrath's appeal from the district court's discovery ruling is premature and we lack jurisdiction to review the April 27, 2017 post-judgment order.

Based on the foregoing, IT IS HEREBY ORDERED that Appellee Ramirez's September 13, 2017 motion to dismiss Appellant McGrath's appeal is granted, and we dismiss appellate court case number CAAP-17-0000415 for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 25, 2017.

Craig H. Nakamura

Chief Judge

Associate Judge

Associate Judge

3